HALL, Judge.
Plaintiff, Mrs. Effie Humphrey, appeals from a judgment rejecting her demands for damages against some twenty defendants, including primarily defendant R. C. Feazel, for false imprisonment and libel arising out *898 of her commitment by the Coroner. The trial court held that defendants acted in good faith and under LSA-R.S. 28:52 E.[1] were not subject to liability. Judgment was rendered accordingly. We affirm the judgment of the trial court.
On September 8, 1976, plaintiff was taken into custody and confined in the Confederate Memorial Hospital for examination pursuant to an order of the Caddo Parish Coroner under the then existing Mental Health Statute LSA-R.S. 28:52, as amended by Act 614 of 1976. The coroner’s actions were strictly in accordance with the statute and were based only in part on the information provided by defendants. Defendant Feazel, plaintiff’s next door neighbor, signed the necessary affidavit. He also presented a petition signed by other concerned citizens, mostly neighbors, enumerating several examples of plaintiff’s bizarre behavior including her threat to kill three children staying at the Feazel’s home, which provoked the defendants subsequent actions.
The initial forty-eight hour report to the coroner stated plaintiff had a mild organic brain syndrome, passive aggressive personality with paranoid traits, and was possibly dangerous. The report recommended she be confined for further testing and data gathering which was subsequently done. The final diagnosis concluded plaintiff was suffering from involutional paranoia and was possibly dangerous. It recommended plaintiff be discharged based on two conditions: (1) plaintiff surrender her pistol and shotgun to her sister and brother-in-law; (2) plaintiff submit to regular follow-up treatment from the Shreveport Mental Health Clinic. Plaintiff was discharged after six days of confinement on September 14, 1976 and has surrendered her guns.
Plaintiff initiated this action in June of 1977 against Feazel and others who signed the petition seeking recovery of damages for false imprisonment and libel. The trial judge found that the medical testimony and other evidence supported the commitment and that defendants were in good faith.
On appeal plaintiff specifies two errors: (1) the trial judge erred in rejecting plaintiff’s demands because the plaintiff proved her allegations by a preponderance of the evidence; and (2) the trial judge erred in construing LSA-R.S. 28:52 E as granting immunity to the defendants, who instituted the coroner commitment predicated on false or misleading information in the application and affidavit.
The plaintiff’s case fails in several respects. The evidence, including plaintiff’s own testimony to some extent, established that the statements contained in the petition were substantially true and not false. The evidence of plaintiff’s history of bizarre and threatening behavior established that defendants acted in good faith and without malice in instituting the legal process. Plaintiff’s detention was pursuant to legal process instituted in good faith and without malice; therefore, there was no false imprisonment. Finally, LSA-R.S. 28:52 E precludes civil liability on the part of defendants under the circumstances of this case.
The judgment is affirmed at appellant’s cost.

. LSA-R.S. 28:52 E (as amended by Act 614 of 1976)
Any person who acts in good faith to assist in the apprehension or taking into protective custody and examination of a patient will not be subject to civil or criminal penalties. . .